IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LAKE CASCADE AIRPARK, LLC, an Idaho limited liability company; DONALD MILLER and CANDACE W. MILLER, husband and wife, | ) ) | |
| | ) | CASE NO. 1:14-cv-00240-BLW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| NORTHWEST FARM CREDIT SERVICES, FLCA, a federally chartered Instrumentality of the United States of America, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### <u>PROTECTIVE ORDER RE: CONFIDENTIAL MATERIALS</u>

THE COURT, having read the stipulation between Lake Cascade Airpark, LLC and Northwest Farm Credit Services, FLCA (Doc. No. 32) relating to the production and use in this proceeding of certain confidential information and documents, and finding good cause therefore;

IT IS HEREBY ORDERED THAT:

The Parties may designate as "CONFIDENTIAL" in whole or in part, any document, thing, or information (collectively "material") which they, in good faith, contend is confidential, or contains confidential information, and which is to be disclosed or produced to the other Party in this proceeding.

Any "CONFIDENTIAL" material that the Parties believe in good faith should not be disclosed to third parties, or to any directors, officers, agents or employees of such third parties, may be designated "CONFIDENTIAL."  The Parties anticipate that this category will be limited to the disclosing Party's tax-related, financial, proprietary, borrower-related information, other information regarding the disclosing Party's business operations, plans and strategies.  Such designations shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner as "CONFIDENTIAL." If not practical to so mark each page of a document, as in the case of a bound publication, the cover of such document shall be so marked.  If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

1.      In lieu of marking the original of a document or other material "CONFIDENTIAL" prior to inspection, the producing Party or its counsel may orally designate any document or other material being produced for inspection by counsel for the other Party as "CONFIDENTIAL" thereby making it, and the information it contains, temporarily subject to this Order.  However, each copy of such document or other material subsequently delivered to inspecting counsel must be marked "CONFIDENTIAL" as required by this Order at the time it is so delivered in order to make the document and any copies subject to this Order.

2.      With respect to depositions of the Parties, or any person ever employed by, or acting for or on behalf of the Parties to this action, the Parties, or either of them, may at the deposition designate all or part of the deposition as "CONFIDENTIAL" and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript.

Alternatively, such Party may designate all or part of the deposition as "CONFIDENTIAL" within a reasonable time after receiving the transcript of the deposition from the court reporter.

      3.     All material designated "CONFIDENTIAL," as provided herein shall only be used by the recipient of the confidential material to prepare to prosecute or defend, or to actually prosecute or defend, the claims and defenses asserted in this proceeding.  The material shall not otherwise be used and shall only be disclosed to others as set forth in paragraphs 6 and 7 below.  To the extent any Party desires to file with the Court or utilize as an exhibit at a hearing or trial either electronic or paper copies of material designated "CONFIDENTIAL," that Party shall comply with the requirements of District Local Rule Civ. 5.3, a copy of which is attached hereto as Exhibit "A" and by this reference it is made a part hereof.

      4.     The designation of material by the Parties as "CONFIDENTIAL" shall not create a presumption that the material is in fact confidential; however, the Parties agree to treat the material as confidential pursuant to the procedures set forth in this Order unless and until the Party who designated the material as confidential withdraws the designation, or the Court orders that the designation be removed or modified.

      5.     Nothing in this Order shall be construed to prevent the Parties from opposing the designation of materials as "CONFIDENTIAL."  A Party opposing the designation of materials as "CONFIDENTIAL" shall first meet and confer in good faith with the designating Party to attempt to resolve any request that the designating Party withdraw or modify the designation.  If the designation is not withdrawn or modified to the satisfaction of the objecting Party, the objecting Party may file a motion, including a motion on shortened notice, as appropriate, with the Court

seeking an order removing or modifying the designation by stating the reasons why the material should not be designated "CONFIDENTIAL" as that term is described herein.

6.      Unless otherwise ordered by the Court, access to material designated "CONFIDENTIAL" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

(a)      Counsel of record for the Parties, including lawyers in their firm who assist them in this matter;

(b)      The clerical employees of such counsel of record (including secretaries, paralegals and clerks) actually assisting such counsel in preparation of this case; provided, however, that each shall be advised of and agree to become subject to, the provisions of this Protective Order;

(c)      The Parties, and those employees of the Parties who have direct functional responsibility for preparation, guidance and assistance to that Party's counsel in evaluating material designated "CONFIDENTIAL" by the opposing Party; provided, however, that the persons shall be advised of, and shall agree to become subject to, the provisions of this Order;

(d)      Non-party experts or consultants (including their secretaries and clerical personnel) who are retained to assist counsel of record in this case to assist in the preparation and trial of this action; provided, however, that such individuals shall first be advised of, and shall agree to become subject to, the provisions of this Order; and

(e)      Any persons acting on behalf of or appointed by the Court to perform services in this matter ("Court Appointed Persons") and any persons employed or contracted by Court Appointed Persons to assist them in them in fulfilling their duties.

7.      Confidential material may be disclosed to persons described in Paragraphs 6(c) and

6(d) only after the proposed recipient has received a copy of this Order and has signed a written statement agreeing to be bound by the terms of this Order to evidence his or her agreement to be bound by its terms and conditions.  The Party disclosing confidential material to persons described in Paragraphs 6(c) and 6(d) shall retain the original of the signed written statement agreeing to be bound by the terms of this Order and shall make it available to the other Party to this Agreement on reasonable demand in connection with the enforcement of this Order.

8.     Material designated "CONFIDENTIAL" shall not be disclosed to any person not described in Paragraph 6 above.

9.     The foregoing limitations on the persons who are provided access to the Parties' material designated "CONFIDENTIAL" pursuant to this Order shall not prevent any Party from making any use whatsoever of its own confidential materials, and shall not bar an opposing Party from making a preliminary and general inquiry at a deposition to determine in good faith whether a deponent has seen, received or otherwise been provided access to materials outside of this action that have been designated "CONFIDENTIAL" herein.  The foregoing limitations on those persons to whom an opposing Party's material designated "CONFIDENTIAL" may be disclosed shall not bar a Party, on an appropriate showing of need, from applying to or moving the Court to enlarge or further limit the persons to whom some or all such material designated "CONFIDENTIAL" may be disclosed under this Order.

10.    Each recipient of material designated "CONFIDENTIAL" shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and/or proprietary material.

**Protective Order Re: Confidential Materials**
**Page - 5**

11.     Except upon consent of the designating Party or upon order of the Court, any and all material designated "CONFIDENTIAL" produced, served or otherwise made available to the Parties during the course of this proceeding, together with all reproductions, copies, abstracts, indices, summaries or detailed descriptions of those materials, shall be used by that other Party only for a purpose set forth in Paragraph 3 and for no other purpose whatsoever.  All copies, duplicates, extracts, summaries, or detailed descriptions of material designated "CONFIDENTIAL" or any portion thereof, shall be immediately affixed with the term "CONFIDENTIAL" if that term does not already appear thereon.

12.     Inadvertent disclosure of material designated "CONFIDENTIAL" to an opposing Party without identifying the same as "CONFIDENTIAL" shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material.

13.     After final determination of this litigation, all materials designated as "CONFIDENTIAL" which have been served or otherwise made available by the designating Party to another Party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials shall be promptly returned to counsel for the designating Party or certified as having been destroyed, as requested in the producing Party's written directive. Counsel for the Parties are responsible for securing and returning to the designating Party, or certifying the destruction of, any confidential material supplied to nonparty experts or consultants.

14.     If material or information designated "CONFIDENTIAL" is disclosed by a receiving Party to any person other than in the manner authorized by this Order, the receiving Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure

**Protective Order Re: Confidential Materials**
**Page - 6**

to the attention of the designating Party, and without prejudice to the rights and remedies of the designating Party, make every effort to prevent further unauthorized disclosure or dissemination on its own part or on the part of the recipient of such information or material.

15.    Nothing in this Order shall be construed as requiring the disclosure of privileged materials, materials subject to protection under the attorney work-product doctrine, or materials which are otherwise beyond the scope of permissible discovery.  Any material considered to be privileged under the Federal Rules of Evidence which is inadvertently disclosed shall be returned to the disclosing Party promptly upon receipt by the receiving Party of notice of the inadvertent disclosure, and the receiving Party shall keep no copies or reproductions, and shall make no use whatsoever of the privileged material or information inadvertently disclosed.

16.    Nothing in this Order shall be construed to prevent a Party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

17.    Nothing in this Order shall be construed as a waiver by the Parties of any objections that might be raised as to admissibility at trial of any evidentiary materials.

Any disputes over the interpretation or enforcement of this Order that the Parties are unable to resolve after a good faith effort to confer, shall be decided by the Court, whose decision shall be binding upon the Parties.

**SO ORDERED,**

**Protective Order Re: Confidential Materials**
**Page - 7**



DATED:  **May 21, 2015**

B. LYNN WINMILL
Chief Judge
United States District Court

**Exhibit "A"**

| District Local Rule Civ 5.3 (Civil) | Back to Top |
|---|---|

### SEALED AND IN CAMERA DOCUMENTS

This Rule applies to documents filed electronically or those filed in paper format.

**a) General Provisions**

1) Motion to File Under Seal. Counsel seeking to file a document under seal shall file a motion to seal, along with supporting memorandum and proposed order, and file the document with the Clerk of Court. Said motion must contain "MOTION TO SEAL" in bold letters in the caption of the pleading.

2) Public Information. Unless otherwise ordered, the motion to seal will be noted in the public record of the Court. However, the filing party or the Clerk of Court shall be responsible for restricting public access to the sealed documents, as ordered by the Court.

**b) Electronic Filing of Sealed Documents**

1) Sealed documents and sealed cases will be filed in electronic format, with access restricted to the Court and authorized staff, unless otherwise ordered by the court.

2) A motion to seal a document or case shall be submitted electronically in CM/ECF. If a party wishes to file a document under seal in CM/ECF, they shall first contact the clerk's office for instructions regarding how to file the document and how to maintain the confidentiality of the information. The document submitted under seal shall be filed separately from the motion to seal.

3) Documents submitted to the Court for *in camera* review shall be submitted in the same fashion as sealed documents.

4) It is the attorney's responsibility to ensure that the documents submitted for *in camera* review are not accessible to other parties. On a case-by-case basis, the presiding judge may request that paper copies of documents submitted for *in camera* inspection be sent directly to the judge's chambers.

5) Additional instructions for the electronic submission of sealed and *in camera* documents are contained in the Electronic Case Filing Procedures.

**c) Documents submitted in Paper Format**

1) Format of Documents Filed Under Seal. If the material to be sealed is presented in paper format, counsel lodging the material shall submit the material in an UNSEALED 8½ x 11 inch manila envelope. The envelope shall contain the title of the Court, the case caption, and case number.

2) Absent any other Court order, sealed documents submitted in paper format will be returned to the submitting party after the case is closed and the appeal time has expired, or if appealed, after the conclusion of all appeals.

---

**RELATED AUTHORITY**
For further information, please see
Electronic Case Filing Procedures

---